IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MERCADO INSULATION SERVICES INC., et al.,<br><br>    Plaintiffs<br><br>           v.<br><br>BIOPHARMAX, INC., et al.,<br><br>    Defendants | CIVIL NO. 09-1911 (JP) |

**OPINION AND ORDER**

Before the Court are Defendant TAPI Puerto Rico Inc.'s ("TAPI") motion to dismiss (**No. 11**), Defendant Biopharmax, Inc.'s ("Biopharmax") motion to dismiss (**No. 19**), and Plaintiffs' oppositions thereto (Nos. 13 and 23). Also before the Court is Plaintiffs' notice of voluntary dismissal (**No. 24**) of the claims against Defendant TAPI. Plaintiffs' complaint alleges that jurisdiction is appropriate based on diversity of citizenship. Defendants move to dismiss the complaint, arguing that there is a lack of complete diversity. For the reasons stated herein, Defendants' motions to dismiss are **MOOT** and Plaintiffs' notice of voluntary dismissal is hereby **GRANTED**.

**I.   FACTUAL ALLEGATIONS**

Plaintiffs in this case are William Mercado ("Mercado") and Mercado Insulation Services Inc. ("MIS"). Mercado is the owner,

CIVIL NO. 09-2056 (JP)            -2-

president and shareholder of MIS, which is incorporated to do business in the Commonwealth of Puerto Rico.  Defendant Biopharmax is a corporate entity incorporated in various countries, but not in Puerto Rico. Biopharmax's corporate headquarters are located in Amsterdam, Netherlands, and it allegedly conducts most of its operations in Roxboro, North Carolina.  Biopharmax has an office in Puerto Rico, and is dedicated to the preparation and construction of pharmaceutical sites and plants.  Defendant TAPI is also a corporate entity incorporated in various countries, including Puerto Rico.

Plaintiffs allege that, on January 28, 2008, MIS received a request for a quote from an engineer working for Biopharmax at a TAPI project site in Guayama, Puerto Rico.  MIS sent three quotes to the Biopharmax engineer and said engineer issued a work order.  As the project progressed, Biopharmax found that the project required additional tubing and more insulation, and requested that MIS perform this work.  MIS issued a series of invoices pursuant to the work performed at the Puerto Rico site. MIS alleges that Biopharmax failed to pay $100,586.00 due for work performed and $10,058.50 in penalty assessments.

Plaintiffs further allege that, in November 2008, Plaintiffs spoke to the Chief of Purchases for TAPI, José Delgado ("Delgado"), regarding the outstanding invoices and penalty assessments owed by Biopharmax.  Delgado agreed to withhold payment on invoices TAPI owed

CIVIL NO. 09-2056 (JP)          -3-

Biopharmax until Biopharmax submitted payment letters as to all suppliers and laborers involved in the project. Despite this assurance and despite Biopharmax's failure to pay the outstanding invoices owed to MIS, TAPI paid the amounts owed to Biopharmax.

Following MIS' final demand for payment from TAPI and Biopharmax, TAPI cancelled all of its contracts with MIS, and prohibited other contractors, laborers and suppliers from using MIS at TAPI's site in Guayama, Puerto Rico.

On September 10, 2009, Plaintiffs filed the instant complaint alleging, *inter alia*, breach of contract, unjust enrichment, *quantum meruit*, and money collection.

## II.  **LEGAL STANDARD FOR A MOTION TO DISMISS**

The Supreme Court has established that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974.

The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

CIVIL NO. 09-2056 (JP)          -4-

him to relief." <u>Rodríguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 94-95 (1st Cir. 2007) (quoting <u>Twombly</u>, 127 S. Ct. at 1969). Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 997 (1st Cir. 1992).

### III.  **ANALYSIS**

Both TAPI and Biopharmax have filed motions to dismiss arguing lack of complete diversity. Plaintiffs oppose the motions to dismiss. The Court will now consider the parties' arguments.

#### A.  **Diversity of Citizenship**

In the instant action, the only ground for subject matter jurisdiction asserted in the complaint is diversity of citizenship. The federal statute that governs diversity jurisdiction provides that federal district courts shall have original jurisdiction in all civil actions where the amount in controversy exceeds $75,000.00, and the action is between citizens of different states. 28 U.S.C. § 1332.

Jurisdiction based on diversity requires complete diversity between Plaintiffs and Defendants. This means that diversity jurisdiction does not exist where any Plaintiff is a citizen of the same state[1] as any Defendant. <u>Álvarez-Torres v. Ryder Memorial Hosp., Inc.</u>, 582 F.3d 47, 53-54 (1st Cir. 2009). In cases where a

---

1.  For purposes of determining diversity jurisdiction, the word "States" includes the Commonwealth of Puerto Rico. 28 U.S.C. § 1332(e).

CIVIL NO. 09-2056 (JP)          -5-

corporation is a party to a diversity action, the corporation is deemed a citizen of any state where it is incorporated as well the state where the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1). In the complaint, Plaintiffs state that they are citizens of Puerto Rico. Defendants argue that TAPI is a citizen of Puerto Rico for diversity purposes, and therefore there is a lack of complete diversity, because: (1) TAPI has its principal place of business in Puerto Rico; and (2) TAPI is incorporated in Puerto Rico.[2] Plaintiffs counter that the complaint should not be dismissed because Defendant TAPI is not an indispensable party to this action. As such, Plaintiffs submit a notice of voluntary dismissal regarding the claims against Defendant TAPI and request that the action continue against Biopharmax.

### 1.  *Indispensable Party*

In both their oppositions to the motions to dismiss, Plaintiffs argued that Defendant TAPI is not an indispensable party to this case. Defendants did not present any arguments regarding whether TAPI is an indispensable party to this action.[3]

Fed. R. Civ. P. 19, which governs indispensable parties, has a two step process.  Pujol v. Shearson/American Express, Inc.,

---

2. The Court notes that the allegation that TAPI is incorporated in Puerto Rico comes from the allegations by Plaintiffs in the complaint.

3. Biopharmax was aware of this line of argument because Plaintiffs filed the opposition to TAPI's motion to dismiss prior to Biopharmax's filing of its motion to dismiss. In said opposition, Plaintiffs argued that TAPI is not an indispensable party to this action.

CIVIL NO. 09-2056 (JP)          -6-

877 F.2d 132, 134 (1st Cir. 1989). First, the Court must determine whether a party is necessary. Id. To determine whether a party is necessary, courts "decide whether a person fits the definition of those who should 'be joined if feasible' under Rule 19(a)." Id. Rule 19 provides that a party is necessary to the litigation and should be joined, if feasible, if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Picciotto v. Continental Casualty Co., 512 F.3d 9, 16 n.10 (1st Cir. 2008); Fed. R. Civ. P. 19(a)(1).

If the Court determines that a party is necessary and that said necessary party cannot feasibly be joined, then the Court proceeds to step two, which requires determining whether the action should proceed among the existing parties or should be dismissed. Fed. R. Civ. P. 19(b); Pujol, 877 F.2d at 134. That is to say, the Court must determine whether the party is indispensable. Pujol, 877 F.2d at 134.

After considering the issue, the Court finds that TAPI is not a necessary party to this case. Plaintiffs' complaint contains a breach of contract claim and a collection of monies claim against

CIVIL NO. 09-2056 (JP)           -7-

Biopharmax.  Biopharmax was the party who directly contracted with Plaintiffs to render services at the TAPI plant.  TAPI's inclusion in the complaint was for a separate and distinct cause of action for damages due to loss of business opportunity and damages for a violation of Article 1489 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 4130.  As such, Defendant TAPI is not necessary to the causes of action against Biopharmax because complete relief may be accorded in this case without TAPI's participation.

Moreover, there has been no showing that TAPI maintains an interest in the claim against Biopharmax that may be impaired or prejudiced by the disposition of the present case without TAPI.  Similarly, the Court sees no substantial risk that any of the parties will incur multiple or otherwise inconsistent obligations.  Since the Court has determined that TAPI is not a necessary party to the action, it follows that TAPI is not an indispensable party to the action.  See Pujol, 877 F.2d at 135.

### 2. *Voluntary Dismissal*

In response to Defendants' arguments that Defendant TAPI ruined diversity in this case, Plaintiffs submitted oppositions and a notice of voluntary dismissal of the claims against Defendant TAPI.

Fed. R. Civ. P. 41(a)(1)(A) grants Plaintiffs a right to voluntarily dismiss an action without court order: (i) before the adverse party files either an answer, or a motion for summary

CIVIL NO. 09-2056 (JP)          -8-

judgment, or (ii) when the stipulation of dismissal is signed by all parties. See Noqueras-Cartagena v. Roselló-González, 182 F.R.D. 380, 383 (D.P.R. 1998).

Here, since no answer or summary judgment motions have been filed, and having determined that TAPI is not an indispensable party to this action, the Court finds that Plaintiffs' notice of voluntary dismissal of the claims against TAPI is proper.

Because the Court has allowed Plaintiffs to voluntarily dismiss their claims against Defendant TAPI, the Court need not address the merits of the arguments raised by Defendants dealing with whether TAPI ruins diversity.[4]  As such, the Court determines that Defendants' motions to dismiss are **MOOT**.[5]

## IV. CONCLUSION

Thus, the Court: (1) **GRANTS** Plaintiffs' notice of voluntary dismissal of the claims against TAPI; and (2) **FINDS AS MOOT** Defendants' motions to dismiss. The Court will enter a separate judgment accordingly.

---

4.  The only argument that is still relevant after the Court's decision in this Opinion and Order is the argument by Biopharmax that dismissing the complaint against TAPI will not create diversity of citizenship because when the complaint was filed there was no complete diversity between all plaintiffs and all defendants. The Court disagrees with Defendant's conclusion. Defendant's position cannot be squared with United States Supreme Court precedent. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989) (finding that, like district courts, court of appeal could dismiss a dispensable non-diverse party who was named in the complaint to correct a jurisdictional defect).

5.  Also, the Court notes that Defendants have not presented arguments that there is no diversity of citizenship between Defendant Biopharmax and Plaintiffs.

CIVIL NO. 09-2056 (JP)          -9-

Furthermore, the Court hereby **ORDERS** Plaintiffs to file an amended complaint including only the claims against Defendant Biopharmax on or before June 29, 2010.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of June, 2010.

                                            s/Jaime Pieras, Jr.
                                           JAIME PIERAS, JR.
                                      U.S. SENIOR DISTRICT JUDGE